## Stack v. Nationwide Mutual Fire Insurance Company

Before Robinson, *P.J.*, Conaboy, Kosik and Walsh, *JJ.*

*Paul A. McGlone,* for plaintiffs.
*Lawrence M. Ludwig,* for defendant.

KOSIK, *J.*, January 6, 1978 — Plaintiffs insured their premises and the contents thereon with insurance policies issued by defendant insurance company. On February 4, 1976, a fire destroyed the premises and the contents. Plaintiffs filed a complaint in assumpsit and alleged that defendant had breached the insurance contract by its failure to

pay moneys in accordance with the terms of the contract. Defendant's answer, by way of new matter, averred that defendant did not have to fulfill the terms of the contract because the fire was caused by arson. Plaintiffs now seek leave to amend their complaint by adding a cause of action for punitive damages. Plaintiffs claim that the Unfair Insurance Practices Act of July 22, 1974, P.L. 589, 40 P.S. §1171.1 et seq., allows for this independent cause of action when an insurance company has exercised bad faith in refusing to settle and adjust claims.

It is clear that the case law of Pennsylvania does not provide for a private cause of action for punitive damages for the alleged bad faith in settling and adjusting claims. See Very, The Pennsylvania Unfair Insurance Practices Act—The Sleeping Giant, 46 Pennsylvania Bar Association Quarterly 438 at 444. Similarly, the Unfair Insurance Practices Act, supra, does not provide for this private cause of action for punitive damages. Indeed, the fact that the statute in question sets forth administrative remedies to sanction the type of conduct alleged by plaintiffs indicates that plaintiffs are limited to these administrative remedies: Collins v. Northwestern National Insurance Group, 2 D. & C. 3d 568 at 574 (1977). Finally, the case of Frizzy Hair Stylists, Inc. v. Eagle Star Insurance Co., 392 N.Y.S. 2d 554 (1977), which was relied upon by plaintiffs in their brief, has been reversed: Frizzy Hair Stylists, Inc. v. Eagle Star Insurance Co., _____ N.Y.S. 2d _____ (1977).

## ORDER

Now, January 6, 1978, it is hereby ordered that the petition to amend the complaint is denied.